UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
SEP 21 2021
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

| | |
|---|---|
| RUSSELL GAITHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:21-cv-02366 (UNA) |
| | ) |
| LATASHA HARRIS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Currently before the court is plaintiff's *pro se* complaint ("Compl."), ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. For the reasons explained herein, the court will grant plaintiff's pending IFP application and dismiss the complaint pursuant to Fed. R. Civ. P. 8(a), for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3) (requiring dismissal of an action "at any time" the court determines that it lacks subject matter jurisdiction, and for improper venue, *see* 28 U.S.C. § 1406(a) (providing for dismissal).

Plaintiff, a prisoner currently designated to Augusta State Medical Prison, located in Groveton, Georgia, sues multiple individual defendants, some named, and others completely unidentified. *See* Compl. at 1; *see also* LCvR 5.1(c)(1) (requiring a plaintiff "filing *pro se in forma pauperis* must provide in the [complaint's] caption the name and full residence address or official address of each party."). The complaint is far from a model in clarity, and it is barely legible. Plaintiff purports to bring this action pursuant to 42 U.S.C. § 1983, which authorizes the filing of civil lawsuits against state officials who have violated a claimant's civil rights, and he seeks injunctive and declaratory relief based on alleged violations of his right to due process and his Eighth Amendment protections, and "the torts of assault and battery and negligence." Compl. at 1, 9. At times, he seems to challenge disciplinary measures and proceedings at his current

facility, and it appears that the intended defendants are affiliated with the facility and domiciled in Georgia. *See id.* at 1, 7–9. However, he also uses the bulk of the complaint to allege that the United States District Court for the Southern District of Georgia, and the United States Court of Appeals for the Eleventh Circuit, have violated his rights in the course of the extensive litigation in those courts. *See id.* at 2–7. It is unclear what the latter allegations have to do with the former, although they may explain plaintiff's request that this court not transfer this matter to the Southern District of Georgia. *See id.* at 9.

First, Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). When a "complaint [] contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8. *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom*. *Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). The instant complaint falls within this category.

Second, plaintiff correctly anticipates that venue is improper in this District. *See* Compl. at 9. Venue in a civil action is proper only in (1) the district where any defendant resides, if all defendants reside in the same state in which the district is located, (2) in a district in which a substantial part of the events or omissions giving rise to the claim occurred (or a substantial part

of the property that is the subject of the action is situated), or (3) in a district in which any defendant may be found, if there is no district in which the action may otherwise be brought.  *See* 28 U.S.C. § 1391(b); *see also* 28 U.S.C. § 1406(a).  Here, all of the relevant events transpired in Georgia, and it appears that the defendants are located in Georgia.  Any connection between the subject matter, and the parties, to this District is unclear.

And to any extent that plaintiff seeks to revisit determinations of the Southern District of Georgia, or the Eleventh Circuit, this court may not do so. *See* 28 U.S.C. §§ 1331, 1332 (general jurisdictional provisions); *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (stating that federal district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts"), citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994) (applying *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)), *aff'd*, No. 94-5079, 1994 WL 474995 (D.C. Cir. 1994), *cert. denied*, 513 U.S. 1150 (1995).

For all of these reasons, this case will be dismissed without prejudice.  A separate order accompanies this memorandum opinion.

Date:  September 21, 2021                          _____/s/_____
                                                                          AMY BERMAN JACKSON
                                                                          United States District Judge